DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
JULIE M. GLOSSON, Trial Attorney (#230709)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-3484
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: julie.m.glosson@usdoj.gov

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | No. 11-33136 DM 11 |
| **NASIR SHEIKH,** | ) | Chapter 11 |
| | ) | Date: December 16, 2011 |
| | ) | Time: 10:00 a.m. |
| | ) | Ctrm: Hon. Dennis Montali |
| Debtor. | ) | 235 Pine Street, Courtroom 22 |
| | ) | San Francisco, CA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 1112(b)**

August B. Landis, Acting U.S. Trustee for the Northern District of California - Region 17, ("U.S. Trustee"), respectfully submits this memorandum of points and authorities in support of the motion to dismiss the above-captioned case for cause.

I.  **INTRODUCTION**

This case was filed to halt the foreclosure sale of real property not owned by this Debtor. Debtor filed this case one day after this Court ordered that no stay was in effect as to the same property in a chapter 7 case filed Debtor's brother, In re Hanif Shaikh, 11-33038. Debtor had no intention of reorganizing when he filed this case. This intention is evident by the circumstances surrounding the filing, the barebones petition, and confirmed by Debtor's post-petition conduct. He has failed fulfill his responsibilities and duties as a debtor-in-possession to file required documents, attend the meeting of creditors, make reports of his post-petition financial condition, and pay U.S. Trustee fees. Since filing

MEM. OF POINTS & AUTHORITIES IN SUPPORT OF UST MOTION TO DISMISS: 11-33136  - 1 -

Case: 11-33136   Doc# 36   Filed: 11/15/11   Entered: 11/15/11 09:22:34   Page 1 of 5

this case more than 2 months ago, Debtor has not advanced this case towards reorganization. Although he filed with the assistance of an attorney, he is now appearing pro se making the prospects for reorganization all the more unlikely.

While these facts constitute cause to dismiss or convert this case to chapter 7 under 11 U.S.C. § 1112(b), the U.S. Trustee submits that dismissal is the appropriate remedy as the facts and circumstances surrounding the filing suggest the case was filed in bad faith.

## II. JURISDICTION AND STANDING

The U.S. Trustee is charged with supervising the administration of cases under chapter 11 of title 11. 28 U.S.C. § 586. In furtherance of that duty, the U.S. Trustee is granted standing to raise and be heard on any issue in any bankruptcy case or proceeding pursuant to 11 U.S.C. § 307. Pursuant to 28 U.S.C. § 586, the U.S. Trustee has standing to file a motion to convert or dismiss a case under chapter 11 pursuant to section 1112(b) of the Bankruptcy Code. Section 586(a)(8) of Title 28 states as follows:

> (a) Each United States trustee . . . shall - (8) in any case in which the United States trustee finds material grounds for any relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief.

## III. POINTS AND AUTHORITIES

### A. The Statutory Framework

Section 1112(b)(1) provides that, "after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause unless the court determines that appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1)[1].

"Cause" for dismissal or conversion "includes", *inter alia*, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" (11 U.S.C. § 1112(b)(4)(A)); "unexcused failure to satisfy timely any filing or reporting requirement . . ." (11 U.S.C.

---

[1] As amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010).

§ 1112(b)(4)(F)); and "failure to pay any fees or charges required under chapter 123 of title 28" (11 U.S.C. § 1112(b)(4)(K)).

The factors specified in section 1112(b)(4) are not exhaustive, and the bankruptcy court has wide discretion to determine if cause exists to convert or dismiss a chapter 11 case. 11 U.S.C. § 102(3). See generally, In re Johnston, 149 B.R. 158 (9th Cir. B.A.P. 1992), In re Tornheim, 181 B.R. 161 (Bankr. S.D.N.Y. 1996); see also In re State Street Assocs., L.P., 348 B.R. 627, 639 n.24 (Bankr. N.D.N.Y. 2006) ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not.") (internal citation omitted).

### 1. Debtor's Case Should be Dismissed as a Bad Faith Filing.

While a debtor's lack of good faith is not specifically enumerated as "cause" to dismiss or convert, the Ninth Circuit has recognized that the Bankruptcy Code authorizes the dismissal of a chapter 11 case where the purpose in filing is inconsistent with the purpose of the Code. In re Marsch, 36 F. 3d 825, 828 (9th Cir. 1994). A debtor's good faith is determined or measured by the facts and circumstances of the case. Id. Various factors include, whether the case was filed to harass or unreasonably deter creditors, whether the debtor has a business to reorganize, the assets of the debtor, and the cash flow to sustain a reorganization. Id. See also In re St. Paul Self Storage Ltd. P'ship, 185 B.R. 580, 582-3 (9th Cir. B.A.P. 1995). The Ninth Circuit has held that the lack of good faith operates through section 1112(b). In re Marsch, 36 F. 3d at 828; In re Liberate Technologies, 314 B.R. 206, 211 (Bankr. N.D. Cal. 2004). Thus, the U.S. Trustee has standing to seek dismissal as a bad faith filing.

The facts and circumstances surrounding the filing as well as the Debtor's post-petition conduct suggest this case was filed for the sole purpose of harassing the secured creditor DIVP Hospitality and delaying the foreclosure sale of the Vallejo Property. The lack of cognizable reorganization efforts, the failure to comply with basic responsibilities of a debtor-in-possession, and the timing of the filing of this case one day after the stay was held not to be in effect in a prior related case all suggest that this case was filed to obtain the automatic stay and frustrate the efforts of the secured creditor to lawfully foreclosure. Debtor's contention in his opposition to relief from stay that he sought the protections of chapter 11 over concerns about his personal liability and his desire to reorganize appears to have been

made to justify imposition of the automatic stay and legitimize the bankruptcy filing when, in fact, Debtor has taken no steps to reorganize[2] since making that statement on September 6, 2011, less than 10 days after the case was filed. These facts justify a finding the case was filed in bad faith.

**2. Cause Exists to Convert or Dismiss Because Debtor Has Failed to Fulfill One of the Basic Responsibilities of a Debtor In Possession to File Required Documents.**

Failure to comply with an order of the court constitutes cause to dismiss or convert under 11 U.S.C. § 1112(b)(4)(E). On August 29, 2011, this Court ordered Debtor to file the balance of required documents, including Schedules A, B, C, E, F, G, H, I, J, the Statement of Financial Affairs, and the List of Creditors Holding the 20 Largest Unsecured Claims. As is evident from the Court's records, since filing the barebones petition along with Schedule D, Debtor has only filed Schedule A. None of the other required documents have been filed. Even if the Court did not issue an order, the Court is authorized under section 1112(e) to dismiss or convert a case, whichever is in the best interests of creditors, if the Debtor does not file the documents required by section 521.

**3. Cause Exists to Convert or Dismiss Because Debtor Has Failed to Attend the § 341 Meeting of Creditors.**

The § 341 meeting of creditors was set for October 4, 2011. Debtor did not appear for the meeting. See Glosson Dec. The meeting was continued to October 25, 2011. Debtor did not appear at the continued meeting. Id. It is further continued to December 13, 2011.

Failure to attend meetings reasonably requested by the U.S. Trustee constitutes cause to dismiss or convert within the meaning of 11 U.S.C. § 1112(b)(4)(H).

**4. Cause Exists to Convert or Dismiss Because Debtor Has Failed to File Monthly Operating Reports and Pay Quarterly Fees.**

The U.S. Trustee and the creditors cannot ascertain the Debtor's post-petition financial condition nor his prospects for reorganization due to his failure to file operating reports. The failure to file operating reports for during the pendency of the chapter 11[3] case constitutes cause for dismissal or

---

[2] Debtor's inaction has also caused the landlord of property leased to Debtor and his brother to compel compliance with section 365(d)(3).

[3] August 26, 2011 through September of 2011.

1  conversion under 11 U.S.C. § 1112(b)(4)(F).

2      Debtor is delinquent in U.S. Trustee quarterly fees in an estimated amount of $325 through third
3  quarter of 2011.  <u>See</u> Glosson Dec.  The exact amount of fees cannot be assessed until delinquent reports
4  are filed.  The failure to pay quarterly fees constitutes cause for dismissal or conversion under 11 U.S.C.
5  § 1112(b)(4)(K).

6  **IV.**   **<u>CONCLUSION</u>**

7      For the foregoing reasons, the U.S. Trustee respectfully requests this Court enter an order
8  dismissing this case as a bad faith filing, and for any other relief as is just and appropriate under the
9  circumstances.

10 Dated: November 14, 2011                          Respectfully submitted,
                                                         August B. Landis, Acting U.S. Trustee

                                                         By:   /s/ Julie M. Glosson, 230709
                                                                    Attorney for the U.S. Trustee